IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE CHARLES SPIVEY,

    Petitioner,

vs.

SCOTT KERNAN, Warden,

    Respondent.

No. CIV S-07-1079 LKK DAD P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with this court's June 27, 2007 order, petitioner has also filed an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

    On June 6, 2007, petitioner commenced this action by filing a petition for writ of habeas corpus. At the outset, the court notes that the petition improperly seeks to challenge both a decision by the Board of Parole Hearings in 2003 to deny petitioner parole as well as a decision

/////

1

by prison officials in 2001 finding him guilty of a rules violation and taking away his good-time credit.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Moreover, the Ninth Circuit has held that a district court may dismiss sua sponte a habeas petition on the grounds that it is untimely under the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition on the ground that it is untimely under the Antiterrorism and Effective Death Penalty Act. If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable statute of limitations or is eligible for statutory or equitable tolling of the limitations period, he may file objections to these findings and recommendations.

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

/////

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

In his petition before this court, petitioner claims that his constitutional rights were violated on March 24, 2003, when the Board of Parole Hearings refused to grant him parole. Specifically, petitioner contends that the Board improperly failed to set his term and provide him a release date. In addition, petitioner contends that the Board failed to take into consideration the fact that he did everything asked of him and had already served a significant amount of prison time in a manner consistent with being prepared for parole. (Pet. at 5-5d.)

Petitioner also claims that prison officials violated his constitutional rights at a disciplinary hearing on January 14, 2001, because they had no evidence that he possessed marijuana or attempted to introduce narcotics into the institution. Petitioner contends that the rules violation report charging him with that violation included false information that was

3

intended to deprive him of his liberty interest and good-time credit.  Petitioner acknowledges that prison officials subsequently reduced his charge and restored his good-time credit but maintains that the guilty finding should be reversed and vacated.  (Pet. at 5 & 5e-5i.)

To the extent that petitioner seeks to challenge the 2003 decision by the Board of Parole Hearings denying him parole, his 2007 federal petition for writ of habeas corpus is untimely by approximately four years unless he is entitled to benefit of tolling.  See 28 U.S.C. § 2244(d)(1)(D) (one year to file a federal habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").  To the extent that petitioner seeks to separately challenge his 2001 prison disciplinary conviction, his federal petition for writ of habeas corpus filed on June 6, 2007, is untimely by approximately six years unless he is entitled to the benefit of statutory or equitable tolling.  Id.

III.  Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

On petitioner's form petition, he has only typed "N/A" in response to questions as to whether he filed any petitions, applications, or motions challenging the decisions raised in his federal petition.  Although the form petition suggests that petitioner did not file any state post-conviction petitions, the court's own records reveal otherwise.  See Case No. CIV S-05-2223 GEB KJM P.  In Case No. CIV S-05-2223 GEB KJM P, petitioner filed a petition for writ of habeas corpus in this court on November 3, 2005, that is virtually identical to the instant petition.

Therein, he challenged the Board of Parole Hearings' 2003 decision to deny him parole and his 2001 prison rule violation conviction. After respondent filed an answer in that case, petitioner filed a request to voluntarily dismiss the action. In his request, petitioner stated that he "prematurely submitted his petition for writ of habeas corpus without an opinion of the State Supreme Court and therefore request for dismissal." On May 21, 2007, the assigned district judge in that case dismissed the action without prejudice.

Based on the filings in Case No. CIV S-05-2223 GEB KJM P, including copies of petitioner's state habeas petitions and state court denials of those petitions, it appears that petitioner unsuccessfully appealed the 2003 decision of the Board of Parole Hearings denying him parole to the Office of Policy and Appeals and then challenged the Board's decision by filing habeas petitions in the Sacramento County Superior Court on January 16, 2004, the California Court of Appeal for the Third Appellate District on April 12, 2004, and the California Supreme Court on June 21, 2004. (See Case No. CIV S-05-2223 GEB KJM P, Response to Petition (Doc. No. 9), Exs. 5-7.) The California Supreme Court eventually summarily denied his petition for writ of habeas corpus on June 8, 2005. (Id. at 7.) Even assuming that petitioner is entitled to statutory tolling for the entire time his state habeas petitions were pending in state court, his federal petition, which was not filed until June 6, 2007, is still untimely by approximately two years. See Duncan v. Walker, 533 U.S. 167, 182-83 (2001) ( "[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. 2244(d)(2)[.]")[1]

It also appears that petitioner unsuccessfully appealed his 2001 prison disciplinary conviction through CSP-Sacramento's administrative appeals process and then challenged the guilty finding in state habeas petitions filed int the Sacramento County Superior Court and the California Court of Appeal for the Third Appellate District. (Id., Exs. 12-13.) However,

---

[1] Petitioner has presented no evidence suggesting that he could be entitled to equitable tolling of the statute of limitations in this regard.

petitioner did not even file his petition for writ of habeas corpus challenging his disciplinary conviction in the Superior Court until February 23, 2004, more than two years after the administrative appeals process had concluded.  (Id.)  Even assuming that petitioner filed a petition for writ of habeas corpus in the California Supreme Court, as he recognized was required in Case No. CIV S-05-2223 GEB KJM P, and even assuming that he is entitled to statutory tolling for the entire time his state habeas petitions were pending in state court, his federal petition is still untimely given the lengthy delay between the conclusion of the administrative appeals process and his filing of a petition for writ of habeas corpus in the Sacramento County Superior Court.  28 U.S.C. § 2244(d)(1)(D).[2]

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's July 26, 2007 application to proceed in forma pauperis (Doc. No. 5) is granted.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed as barred by the statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

/////
/////
/////
/////

---

[2] Again, petitioner has presented no evidence suggesting that he could be entitled to equitable tolling of the statute of limitations in this regard.

1  Findings and Recommendations." Petitioner is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
3 F.2d 1153 (9th Cir. 1991).
4 DATED: October 20, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
spiv1079.156